IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| LANEA M. AVILA, | |
| Plaintiff, | No. 10cv1031 EJM |
| vs. | ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. The court has jurisdiction pursuant to 42 USC §405(g). Briefing concluded July 22, 2011. Reversed and remanded for further consideration.

Claiming an onset date of July 18, 2005, plaintiff alleges disability due to multiple impairments including strokes, mitro-valve prolapse, chronic diarrhea, chronic incontinence, depression, anxiety disorder, panic attacks, a back problem, peripheral arterial disease, sleep apnea, emphysema, blurred vision, and a history of blood clots. She asserts the Administrative Law Judge (ALJ) erred in failing to determine whether she was entitled to a trial work period, failed to give proper weight to the opinion of treating physicians Dr. Glawe and Dr. Endrizzi, and failed to include all limitations in a hypothetical question posed to a vocational expert, to wit, her periodic need to be away from her workstation at unscheduled times for

fifteen to twenty minutes to use a nebulizer. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ determined plaintiff's severe combination of impairments include a history of cerebrovascular accident with deep vein thrombosis, obesity, bladder incontinence status-post InterStim implantation with subsequent surgical repair, gastroesophageal reflux disease, asthma, and depression, but found plaintiff able to engage in substantial gainful activity. T.15.

Upon review, it is the court's view that the ALJ erred in not considering/discussing plaintiff's claimed need for a nebulizer, and the effect thereof upon her ability to engage in substantial gainful activity. Accordingly, the ALJ's decision is not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration of this issue and any other matters related thereto.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

December 16, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT